**"Administratively Close - JS-6"**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

BERNARD LAMPLEY,

         Plaintiff,

         v.

JESUS TORIS,

         Defendant.

)
)
)
)
)
)
)
)
)
)

Case No. CV 12-159-MMM (SP)

**MEMORANDUM AND ORDER SUMMARILY DISMISSING CASE IN PART AND STAYING REMAINDER OF CASE**

## I.

## INTRODUCTION

On January 18, 2012, plaintiff Bernard Lampley, a pretrial detainee proceeding pro se, filed a civil rights complaint against Los Angeles Police Department ("LAPD") Officer Jesus Toris. Plaintiff alleges that defendant arrested plaintiff and planted drugs on him in violation of his civil rights. The complaint indicates that the drug charges are still pending against plaintiff, and seeks equitable relief in addition to damages.

The Court issued an Order to Show Cause ("OSC") why the complaint should not be dismissed under the *Younger* Abstention Doctrine. In plaintiff's response to the OSC, he does not dispute that he is asking this Court to effectively intervene in his pending state criminal case, but argues that extraordinary

1    circumstances warrant such intervention.  Plaintiff has failed to show that

2    intervention is warranted, however, and therefore this Court must refrain from

3    proceeding in this case while the state criminal case is still pending.  Accordingly,

4    under the *Younger* Abstention Doctrine, the Court will dismiss plaintiff's claims

5    for equitable relief, and stay the remainder of his case seeking damages until the

6    state criminal case is no longer pending.

7                                          **II.**

8                                   **BACKGROUND**

9          In the complaint, plaintiff alleges that on January 10, 2010, defendant Toris

10   stopped plaintiff and a female companion without consent or reasonable suspicion.

11   Complaint at 1, 2.  Although only the female companion was found to be in

12   possession of a "rock like substance," both she and plaintiff were arrested.  *Id*. at 2-

13   3.  Defendant searched, arrested and charged plaintiff with possession of a

14   controlled substance without probable cause, in violation of the Fourth

15   Amendment.  *Id.*  At the police station, defendant planted evidence upon plaintiff.

16   *Id.* at 3.  The relief plaintiff seeks includes damages and "that an order be given to

17   adhere to the court's order in *Fitzgerald v. City of Los Angeles*."  *Id.* at 5.

18         Plaintiff alleges that he "has and is being falsely accused by defendant."

19   Complaint at 3A.  Based on his address of record, it appears that plaintiff is in

20   custody at the Mens Central Jail.  Accordingly, the complaint indicates that

21   plaintiff is a pretrial detainee awaiting trial on the charges for which he was

22   arrested on January 10, 2010.

23         To confirm that plaintiff is in fact awaiting trial on the charges he challenges

24   in his complaint, on January 19, 2012 the Court issued an OSC, requiring plaintiff

25   to show cause why the complaint should not be dismissed under the *Younger*

26   Abstention Doctrine.  Plaintiff filed a response to the OSC on February 8, 2012.

27

28                                          2

1    In his response to the OSC, plaintiff implicitly concedes that he is still
2    pending trial in the state criminal case on the drug charges that are at the heart of
3    his challenge in this civil rights case.  But plaintiff argues that this case qualifies
4    for an exception from the *Younger* Abstention Doctrine.  In making his arguments,
5    plaintiff confirms that he is effectively asking this Court to intervene in the
6    pending state criminal case.  *See* OSC Response at 4.

### III.

### DISCUSSION

9    The Prison Litigation Reform Act obligates the Court to review complaints
10   filed by all persons proceeding in forma pauperis, and by prisoners seeking redress
11   from government entities.  *See* 28 U.S.C. §§ 1915(e)(2), 1915A.  Under these
12   provisions, the Court may sua sponte dismiss, "at any time," any prisoner civil
13   rights action and all other in forma pauperis complaints that are frivolous or
14   malicious, fail to state a claim, or seek damages from defendants who are immune.
15   *Id.*, *see also Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).

16   In *Younger v. Harris*, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971),
17   the Supreme Court held that a federal court was prohibited from enjoining a state
18   criminal proceeding without a valid showing of "extraordinary circumstances" that
19   warrant federal intervention.  *Id.* at 43-54; *see Gilbertson v. Albright*, 381 F.3d
20   965, 984 (9th Cir. 2004) (*Younger* Abstention applies to actions for damages).
21   Under the *Younger* Abstention Doctrine, federal courts may not stay or enjoin
22   pending state criminal court proceedings, nor grant monetary damages for
23   constitutional violations arising from them.  *Mann v. Jett*, 781 F.2d 1448, 1449
24   (9th Cir. 1986).  *Younger* abstention is appropriate when:  (1) the state court
25   proceedings are ongoing; (2) the proceedings implicate important state interests;
26   and (3) the state proceedings provide an adequate opportunity to raise the

27

28                                         3

constitutional claims. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 102 S. Ct. 2515, 73 L. Ed. 2d 116 (1982); *Baffert v. Cal. Horse Racing Bd.*, 332 F.3d 613, 617 (9th Cir. 2003).

Plaintiff somewhat unclearly suggests that not all the *Middlesex* elements for the *Younger* Abstention Doctrine to be invoked are present here. To the extent that is plaintiff's contention, it is without merit. Here, there is an ongoing state proceeding, i.e., the criminal case against plaintiff. The criminal proceedings implicate important state interests because they involve an alleged violation of state criminal law that is being adjudicated in state court. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 13, 107 S. Ct. 1519, 95 L. Ed. 2d 1 (1987) (enforcement of state court judgments and orders implicates important state interests); *see also People of State of Cal. v. Mesa*, 813 F.2d 960, 966 (9th Cir. 1987) ("A [state's] ability to protect its citizens from violence and other breaches of the peace through enforcement of criminal laws is the centermost pillar of sovereignty."). Finally, the state court criminal proceeding provides an adequate opportunity for plaintiff to litigate his constitutional claims by way of a suppression motion or other challenge to the evidence. "The 'adequate opportunity' prong of *Younger* . . . requires only the absence of 'procedural bars' to raising a federal claim in the state proceedings." *Commc'ns Telesystems Int'l v. Cal. Pub. Util. Comm'n*, 196 F.3d 1011, 1020 (9th Cir. 1999). Thus, the elements for the Court to invoke the *Younger* Abstention Doctrine are present.

Plaintiff nonetheless asserts that the circumstances of this case warrant an exception to applying the *Younger* Abstention Doctrine. First, plaintiff argues that exigent circumstances are present. He contends that if this Court does not intervene in the state criminal case, the state court will effect a "gross miscarriage of justice." OSC Response at 4. Plaintiff's unsupported assumption that the state

4

1   court will violate his rights does not constitute an exigent circumstance.

2        Second, plaintiff argues that the "bad faith or harassment exception" to

3   *Younger* applies here. *Id.* The Supreme Court has held "that *Younger* principles

4   do not apply, even where otherwise applicable, 'in those cases where the District

5   Court properly finds that the state proceeding is motivated by a desire to harass or

6   is conducted in bad faith.'" *Juidice v. Vail*, 430 U.S. 327, 338, 97 S. Ct. 1211, 51

7   L. Ed. 2d 376 (1977) (quoting *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 611, 95 S.

8   Ct. 1200, 43 L. Ed. 2d 482 (1975)). But again, plaintiff has made absolutely no

9   showing that the state criminal case against him has been brought or is being

10  conducted in bad faith, or motivated by a desire to harass.

11       Thus, it is plain that the *Younger* Abstention Doctrine properly applies in

12  this case, and that no circumstances justify an exception to the doctrine here. The

13  only question is whether the doctrine warrants this Court staying the case or

14  dismissing it without prejudice.

15       In finding that *Younger* principles apply to actions seeking damages as well

16  as actions seeking equitable relief, the Ninth Circuit found that "federal courts

17  should not dismiss actions where damages are at issue; rather, damages actions

18  should be stayed until the state proceedings are completed." *Gilbertson*, 381 F.3d

19  at 968; *accord Los Altos El Granada Investors v. City of Capitola*, 583 F.3d 674,

20  689-90 (9th Cir. 2009) ("[B]ecause in damages cases there may yet be something

21  for the federal courts to decide after completion of the state proceedings . . . [t]he

22  district court – quite appropriately – did not *dismiss* under *Younger* but *stayed* the

23  proceedings pending the final decision of the California courts."). That damages

24  actions should be stayed rather than dismissed is consistent with the Supreme

25  Court's ruling in *Wallace v. Kato*, 549 U.S. 384, 127 S. Ct. 1091, 166 L. Ed. 2d

26  973 (2007), that where a plaintiff files a civil claim "related to rulings that will

27

28                                          5

likely be made in a pending or anticipated criminal trial[], it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case . . . is ended." *Id.* at 393-94. As the Supreme Court explained, "If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck*[ *v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994),] will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit." *Wallace*, 549 U.S. at 394.

Plaintiff here seeks equitable relief as well as damages. In such cases, the proper course is for a court to dismiss the equitable claims and stay the claims for damages. *See Rhoden v. Mayberg*, 361 F. App'x 895, 896 (9th Cir. 2010) ("district court properly dismissed . . . claims for declaratory and injunctive relief," but "claims for money damages should have been stayed until the state court proceedings are completed"); *Tomel v. Ross*, 2009 WL 3824742, at *3 (D. Haw. 2009) ("Claims for injunctive or declaratory relief are normally dismissed; claims for monetary damages may be stayed."). The Court will follow that course here.

## IV.

## CONCLUSION

IT IS THEREFORE ORDERED that: (1) plaintiff's claims for equitable relief are dismissed without prejudice; and (2) the remainder of this case is stayed until the related state criminal case is no longer pending. The clerk is directed to ADMINISTRATIVELY CLOSE this case.

If plaintiff wishes to continue with this case after disposition of the criminal charges against him, he must file a request that the stay be lifted and the case be re-opened **within sixty (60) days** of the final disposition of the criminal charges

//

1    (including all appeals).  Any such request to lift the stay must be accompanied by

2    documentary evidence showing that the state criminal case is concluded.  If the

3    stay is lifted, the action will proceed at that time, absent any other bar to suit.

4

5

6    DATED: <u>March 8, 2012</u>

7    _____

8    HONORABLE MARGARET M. MORROW
UNITED STATES DISTRICT JUDGE

9

   Presented by:

10

11

12    _____

   SHERI PYM

13    UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7